UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| STEPHEN MATHEW LOTT,<br><br>Plaintiff,<br><br>v.<br><br>BONNER COUNTY; BONNER COUNTY SHERIFF'S DEPARTMENT; SHERIFF; DR. DOE; and NURSE DOE,<br><br>Defendants. | Case No. 1:26-cv-00337-AKB<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

The Court previously denied Plaintiff's in forma pauperis application, finding that Plaintiff has had access to sufficient funds to afford the filing fee given the income Plaintiff has received into his prison trust account. Dkt. 7. Plaintiff now asks the Court to reconsider that denial. Dkt. 8.

Orders that are not final, like the Court's denial of in forma pauperis status, are referred to as interlocutory orders. The Court has the "inherent procedural power to reconsider, rescind, or modify an interlocutory order" for sufficient cause. *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (internal quotation marks and emphasis omitted); *see also* Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the

ORDER DENYING MOTION FOR RECONSIDERATION - 1

claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.").

Though courts have the authority to reconsider prior orders, they should not do so "in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n. 8 (1983)). "[C]ourts have distilled various grounds for reconsideration of prior rulings into three major grounds for justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence or an expanded factual record; and (3) need to correct a clear error or to prevent manifest injustice." *Gray v. Carlin*, No. 3:11-CV-00275-EJL, 2015 WL 75263, at *2 (D. Idaho Jan. 6, 2015) (unpublished) (internal quotation marks omitted).

Plaintiff seeks reconsideration on the grounds that his $140.00 monthly income is necessary for his "personal needs." Dkt. 8. However, Plaintiff has not identified those needs, and the Court does not find credible the implication that Plaintiff's entire income must be spent on personal items, especially given that the State pays for inmates' basic necessities. Plaintiff simply has not met his burden of showing clear error, manifest injustice, or any other basis for reconsideration of the Court's Order denying his in forma pauperis application.

**ACCORDINGLY, IT IS ORDERED:**

1. Plaintiff's Motion to Reconsider Order Denying In Forma Pauperis Application (Dkt. 8) is DENIED.

2.      The Court will grant Plaintiff one final opportunity to pay the filing fee. If Plaintiff does not pay the fee within 14 days after entry of this Order, this case will be dismissed without further notice. If Plaintiff files a Notice of Voluntary Dismissal, no filing fee will be due.

DATED: July 30, 2026

*Amanda K. Brailsford*
_____
Amanda K. Brailsford
Chief U.S. District Court Judge

ORDER DENYING MOTION FOR RECONSIDERATION - 3